## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **STATE OF ALABAMA ex rel. BEN CHENAULT; and CMCO, LLC on behalf of itself and others similarly situated,** | |
| Plaintiffs, | CASE NO.: 10-331 |
| | [Class Action Complaint] |
| v. | |
| **BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP AMERICA; ESIS, INC., WORLEY CATASTROPHE SERVICES, LLC, WORLEY CATASTROPHE RESPONSE, LLC and BRETT ROBINSON GULF CORPORATION,** | |
| Defendants. | |

## CLASS ACTION COMPLAINT

**COMES NOW**, Plaintiff Ben Chenault, as relator for the State of Alabama, along with CMCO, LLC, on behalf of itself and others similarly situated, and brings this Class Action Complaint as follows:

## INTRODUCTION

1.    Plaintiff CMCO, LLC brings this class action against the BP Defendants, the Worley Defendants, Defendant ESIS, Inc., and Defendant

Brett Robinson Gulf Corporation ("Brett Robinson") for racketeering and corruption in connection with what Defendants refer to as the "BP Claims Process." Through this lawsuit, Plaintiffs seek to recover damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et. seq.* Plaintiff CMCO, LLC also seeks to enjoin the above-named Defendants from continuing to engage in a pattern of racketeering activity, corruption, wire fraud, mail fraud, unauthorized practice of law, violation of state insurance laws and regulations, and other criminal or unlawful activity.

2.     Plaintiffs claim that the Defendants are engaged in a pattern of racketeering activity involving the unauthorized practice of law and other criminal acts that are ultimately designed to delay and reduce the payment of legitimate legal damages by lulling class members into a false understanding of the availability of recoverable damages at law. The BP Defendants are actively soliciting third parties, including Defendant Brett Robinson to provide services tantamount to the giving of legal advice to Plaintiffs regarding their claims, losses, and recoverable damages. Moreover, the BP Defendants have authorized third parties, including Defendant Brett Robinson and others, to evaluate and present damage claims of claimants in a manner which constitutes criminal conduct in Alabama and Florida. *See* **Exhibit A**, attached hereto and made a part hereof by reference (Letter from

Brett Robinson dated June 11, 2010).

3.     Likewise, the Worley Defendants, Defendant ESIS, Inc., and Defendant Brett Robinson are actively engaging in the above-described pattern of racketeering and corruption, in an effort to gain a pecuniary benefit, to the detriment of Plaintiffs and the putative class members. Defendant Brett Robinson is charging fees to Plaintiffs and certain putative class members to evaluate and present Plaintiffs' claims for legal damages. Upon information and belief, and in furtherance of the racketeering activity, the Worley Defendants and/or Defendant ESIS, Inc. are knowingly aiding Defendant Brett Robinson and other third parties in evaluating and presenting legal damage claims on behalf of Plaintiffs. Furthermore, the Worley Defendants and/or Defendant ESIS, Inc. are believed to be conspiring with the BP Defendants to engage third parties, like Brett Robinson, in the unauthorized practice of law.

4.     Plaintiffs contend that the BP Defendants, Worley Defendants, and Defendant ESIS, Inc. have colluded with Defendant Brett Robinson and other similarly situated third parties who are not licensed, not qualified, and who are otherwise inept to evaluate or present legal damage claims within the BP Claims Process – all as part of a greater scheme to delay paying certain claims and to avoid paying certain other damages altogether. As a

direct result of the Defendants' collusion and corruption, claims for payment of damages made in the BP Claims Process have been delayed, underpaid, and even denied.

5.      Plaintiff CMCO, LLC requests that this Honorable Court enjoin Defendants from: 1) authorizing unlicensed and unqualified third parties to evaluate and/or present legal damage claims within the BP Claims Process; 2) engaging in the unauthorized practice of law and/or soliciting third parties to engage in the unauthorized practice of law and/or engage in violations of state insurance laws and regulations within the State of Alabama and the State of Florida; and 3) engaging in other criminal or unlawful activity designed to delay, underpay, or avoid payment of claims within the BP Claims Process.

6.      Plaintiff Ben Chenault, as relator of the State of Alabama, alternatively seeks a Writ of Quo Warranto to stop the Defendants from engaging in criminal or other illegal activity including the unauthorized practice of law and violation of state insurance laws and regulations.

7.      All Plaintiffs seek money damages for unjust enrichment, in addition to damages available under RICO.

## PARTIES, JURISDICTION AND VENUE

8.     Plaintiff Ben Chenault is a resident individual of Shelby County, Alabama and is over the age of majority. Plaintiff Chenault brings this action as a relator for the State of Alabama.

9.     Plaintiff CMCO, LLC is a company duly organized under the laws of the State of Alabama with its principal place of business in Jefferson County, Alabama.

10.     Defendants BP, PLC, BP AMERICA and BP PRODUCTS NORTH AMERICA, INC., hereinafter referred to collectively as "BP", are foreign corporations doing business within the Southern District of Alabama.

11.     Defendant ESIS, Inc. is a corporation organized under the laws of Pennsylvania and doing business within the Southern District of Alabama.

12.     Defendant Worley Catastrophe Services, LLC, hereinafter referred to collectively as "Worley Defendants," is company organized under the laws of Delaware, with its principal place of business in Louisiana, and doing business within the Southern District of Alabama.

13.     Defendant Worley Catastrophe Response, LLC, hereinafter referred to collectively as "Worley Defendants," is company organized

under the laws of Delaware, with its principal place of business in Louisiana, and doing business within the Southern District of Alabama.

14.    Defendant Brett Robinson Gulf Corporation is a corporation organized under the laws of Alabama with its principal place of business in Baldwin County, Alabama.

15.    This court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1331 because the claims arise under 18 U.S.C. § 1961, *et. seq.*, and involve a federal question.

16.    This court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because: 1) the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs; and 2) this class action is brought by the citizens of a state that is different from the state of at least one of the Defendants.

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendants transacted business in this district and the exact conduct complained of occurred in this district.

## STATEMENT OF FACTS

18.     As a result of the oil spill by the oil rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, property owners along the Gulf Coast such as Plaintiffs, suffered damages for loss of income, loss of future earnings, diminution in value, and loss of enjoyment, among others.   In response to these losses, the BP Defendants created the "BP Claims Process" for the purpose of evaluating and adjusting the legal claims and damages of those affected by the oil spill.

19.     On June 2, 2010, the BP Defendants revised the "BP Claims Process" with the assistance of Defendant ESIS, Inc. As part of the claims process, the Worley Defendants require presentation of a claimant's legal claims and damages through a series of forms created by one or more of the Defendants.

20.     The "BP Claims Process" is designed so that, upon presentation of the claims, the Worley Defendants can make a judgment on the claim value and issue a partial payment check.   Although the payment checks appear to be written on the account of Defendant ESIS, Inc., an entity which is apparently in privity with the BP Defendants, the checks are actually signed and sent out by an employee of the Worley Defendants such as Darryl Martin. *See* **Exhibit B**, attached hereto and made a part hereof by

reference (Check signed by Darryl E. Martin dated June 3, 2010); *See also* **Exhibit** C, attached hereto and made a part hereof by reference (Worley Catastrophe Response Materials). Upon information and belief, the Worley Defendants are not in privity with the BP Defendants.

21.    The forms created by the Defendants require the submission of certain information relating to the nature of damages claimed, such as: 1) whether the claim relates to bodily injury, illness, property damage, or loss of income; and 2) "a description of any property damage and/or bodily injury and/or loss of income. *See* **Exhibit D**, attached hereto and made a part hereof by reference ("BP Claims Process" pp. 2-8, 13-16 and 18).

22.    Defendant Brett Robinson is a large property management company that manages thousands of properties in Alabama and Florida including properties owned by Plaintiffs CMCO, LLC and Ben Chenault.

23.    According to a letter from Defendant Brett Robinson dated June 11, 2010, on or about June 10, 2010, the BP Defendants held a meeting with a senior vice president of BP and a member of Governor Riley's cabinet. *See* **Exhibit A**. After the meeting with the BP Defendants, Defendant Brett Robinson issued the following correspondence to the owners of the properties it manages:

"Dear Owner:

The purpose of this letter is to notify you of a meeting held June 10, 2010, with a Sr. Vice President of British Petroleum (BP) and a member of Gov. Riley's cabinet. Based on the outcome of this meeting, it appears that BP is highly motivated and prepared to immediately start the payment of claims to condominium owners who have lost rents as a result of the oil spill.

We at Brett-Robinson have the capability of submitting these claims on your behalf. The amount of each claim will be based upon the rental history of your unit based on an average of the last three (3) years plus estimated rents for the current rental season. We think we have sufficient accounting to make the claim on your behalf. BP will make payment directly to you less management fees per our rental agreement. We expect to file these claims on a monthly basis. If this is acceptable to you, please sign this letter and return a copy to us immediately. This does not prevent your ability to file a lawsuit or to work directly with a claims adjuster, nor will this prevent you making claims for other damages or losses."

*See* **Exhibit A.**

24.    This letter sent by Defendant Brett Robinson to property owners also required them to execute a release containing the following language:

"The undersigned hereby gives Brett-Robinson full authority to present claims and to collect monies from British Petroleum (BP) on my behalf for loss of rents on my condominium unit(s) in accordance with the terms set out in this letter. I understand there is no guarantee that BP will fully and completely compensate me for my losses but Brett-Robinson will use its best efforts in the claims process to recover on my behalf loss of rents. I also hereby release and hold harmless Brett-Robinson

from any liability which may be incurred as a result of this claim and collection process."

*See* **Exhibit A**.

25.    Based on representations made by Defendant Brett Robinson, and in reliance of the statements made by the BP Defendants in connection with the "BP Claims Process," Ben Chenault signed and returned the letter to Defendant Brett Robinson on June 20, 2010, authorizing Brett Robinson to represent Plaintiff in the "BP Claims Process." Ben Chenault was advised by Defendant Brett Robinson that it would only charge Plaintiff CMCO, LLC a fee of $25 per month (in addition to other fees usually charged for managing Plaintiff's property) to present its claims to the BP Defendants.

26.    Not only does the above-described occurrence constitute the unauthorized practice of law, an illegal act; it is the direct result of the Defendants' pattern of racketeering activity and corruption – a pattern designed to delay, underpay, and deny the claims of Plaintiffs and putative class members by authorizing unqualified and inept third parties to present legal damage claims. Under the Defendants' scheme, claimants such as the Plaintiffs have become reliant on, and have been duped into allowing, third parties such as property managers, associations, unions, or others not qualified to evaluate or present legal damage claims.

27.    While Defendants advise claimants of their potential claims for current loss of income, by design, claimants are not advised of certain legal claims relating to diminution of value, loss of future earnings or other economic losses. Likewise, claimants are not advised of their legal options, critical deadlines, statutes of limitations, or the potential liability of other responsible parties.

28.    In furtherance of the Defendants' pattern of corruption, the Defendants advise claimants that they do not need an attorney and have even gone so far as to use third parties and public officials to promote the "BP Claims Process" and suggest against the retention and use of legal counsel. The Defendants are disseminating false information knowing that both the Alabama State Bar and the Florida State Bar have programs designed to allow those affected by the oil spill to obtain information necessary to make informed decisions without necessarily incurring legal costs.

29.    The BP Defendants, Worley Defendants, and Defendant ESIS, Inc., through the "BP Claims Process," are authorizing third parties to engage in the unauthorized practice of law and to violate state insurance laws and regulations for their own pecuniary gain. The Defendants' conduct constitutes a criminal act in the State of Alabama and the State of Florida.

30. At the time of the Defendants' solicitation of Plaintiffs, Plaintiffs were represented by counsel and had previously filed suit against the BP Defendants claiming damages from the oil spill on behalf of themselves and others similarly situated. Defendants did not attempt to ascertain if Plaintiffs were represented by a lawyer before soliciting their consent to have Brett Robinson present their claims.

## CLASS ALLEGATIONS

31. Plaintiffs bring this action individually and in a representative capacity under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of persons and entities.

32. This class is tentatively defined as all persons or entities who satisfy each of the following criteria:

a. All persons or entities who have, or will have, had claims presented by a third party or third parties in the "BP Claims Process" and by which a criminal act has occurred and/or by which there has been a violation of a state's unauthorized practice of law statute; and

33.     Excluded from the class are the directors, officers, and employees of these Defendants and its subsidiaries and affiliates.  Further excluded are the members of the immediate families of any such persons.

34.     Excluded from the class are all claims by any person or entity that has already commenced an individual civil action based on the allegations of this litigation.

35.     Upon information, the class consists of thousands of persons located throughout, primarily, the SouthEastern United States, the joinder of whom in one action is impracticable.  The exact number of class members can be determined by appropriate discovery through ministerial review of Defendants' records.

36.     Plaintiffs, Ben Chenault as relator of the State of Alabama and CMCO, LLC, are designated class representatives with respect to all claims.

37.     There are numerous questions of law or fact to the class that predominate over any questions of law or fact affecting only individual class members, including, but not limited to, the following:

    a.      Whether the Defendants' pattern and practice is violative of RICO.

b.      Whether the use of the United States Mail in connection with said pattern and practice of the Defendants constitutes mail fraud.

c.      Whether the use of email or facsimile in connection with the said pattern and practice of the Defendants constitutes wire fraud.

d.      Whether the Defendants created, devised, implemented, assisted, conspired, and/or participated in a fraudulent scheme designed to deprive Plaintiffs out of a fundamental legal right.

e.      Whether Defendants have participated in the unauthorized, unlawful, and unlicensed practice of law.

f.      Whether Defendants, through a pattern of racketeering and extortion, were unjustly enriched by charging a fee processing claim, by payment of discounted or reduced claims, by delaying payment of certain claims, and by the outright denial of claims when such claims arose through the unauthorized practice of law, violation of state insurance laws or regulations, and/or other criminal act.

g.      Whether Plaintiffs are entitled to declaratory and injunctive relief under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

h.     Whether Plaintiffs are entitled to recover statutory, compensatory, and trebled damages and the proper measure of such damages.

38.   The claims of the Plaintiffs are typical of the claims of all members of the class and the Plaintiffs have no interests that are adverse or antagonistic to the interests of the class.

39.   Plaintiffs are committed to prosecuting this action and has retained competent counsel experienced in class action litigation.

40.   Plaintiffs will fairly and adequately represent the interests of the class. Plaintiffs are similarly situated with and has suffered similar injuries as the members of the class he seeks to represent.   Neither the named Plaintiffs, nor their counsel, have any interest which might cause either of them not to vigorously pursue this action.

41.   The Defendants' actions or inactions are generally applicable to the class as a whole, and Plaintiffs seek, *inter alia*, equitable measures including disgorgement of profits and injunctive relief with respect to the class as a whole.

42.   The class action is the superior method for fair and efficient adjudication of the controversy.   The prosecution of separate actions by

members of the class in many different jurisdictions would create a risk of establishing incompatible standards of conduct for the Defendants. Moreover, unsophisticated claimants, who are victims of Defendants practices, cannot afford to take on the Defendants on an individual basis.

## CAUSES OF ACTION

## COUNT I -- RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

43.     Plaintiffs adopt and incorporate by reference all allegations in Paragraphs 1 through 42 above.

44.     Defendants, through a pattern of racketeering activity, have conducted the unauthorized practice of law and committed violations of state insurance laws and regulations to deprive Plaintiffs of their fundamental legal rights and their money in an effort to gain pecuniary benefit.

45.     Defendants entered into and designed and implemented a scheme and conspiracy to defraud and extort Plaintiffs. The BP Defendants and Defendant Brett Robinson conspired to and did implement a scheme whereby Brett Robinson solicited property owners whose property it manages, seeking consent to present said owners claims for lost rental income to BP – for a fee. The Worley and ESIS Defendants, which process

and determine the value of claims presented by third parties, and through payment of claims on behalf of the BP Defendants, likewise conspired to engage third parties to transact the unauthorized practice of law and have aided and abetted such third parties in the unauthorized practice of law.

46.    Section 34-3-6(b) of the Code of Alabama (1975) provides: "[T]he practice of law is defined as follows:

* * * * *

> (3)   For a consideration, reward or pecuniary benefit, present or anticipated, direct or indirect, does any act in a representative capacity in behalf of another tending to obtain or secure for such other the prevention or the redress of a wrong or the enforcement or establishment of a right ...."

In Alabama, the unauthorized practice of law is a criminal act, a misdemeanor punishable by a fine of not more than $ 500 and a jail sentence not to exceed six months. *See* Ala. Code § 34-3-1 (1975).   Aiding and abetting the unauthorized practice of law is likewise a misdemeanor. *See id.* at § 34-3-7.   Florida has a similar statute making the unauthorized practice of law a misdemeanor. *See* Fla. Stat. Ann. § 454.23 (West).

47.    The BP Defendants, Worley Defendants, Defendant ESIS, Inc. and Defendant Brett Robinson conspired to have third parties such as

Defendant Brett Robinson act in a representative capacity on behalf of Plaintiffs to secure redress for a wrong and to establish Plaintiffs legal rights. The Defendants' racketeering activity involves the completion of forms and other conduct designed to engage the third party into the unauthorized practice of law which constitutes a criminal act. The Worley Defendants and Defendant ESIS have aided and abetted in the unlawful practice of law and other criminal conduct by authorizing third parties such as Defendant Brett Robinson to present the legal damage claims of Plaintiffs and the putative class members and otherwise participating in the scheme designed to delay, underpay and deny claims made in the "BP Claims Process." All Defendants, therefore, have committed criminal acts.

48.     RICO makes it unlawful for any person to:

a.      Use or invest income obtained from a pattern of racketeering activity in an enterprise engaged in interstate commerce, 18 U.S.C. § 1962 (a);

b.      Control any enterprise engaged in interstate commerce through a pattern of racketeering, 18 U.S.C. § 1962(b);

c.      Associate with any enterprise engaged in interstate commerce to conduct the affairs of the enterprise through a pattern of racketeering activity, 18 U.S.C. § 1962 (c); or

      d.     To conspire to violate § 1962(a), (b), or (c), 18 U.S.C. §

1962  (d).

49.     Racketeering activity is defined by the Act to include any act which is indictable under any of the enumerated provisions of Title 18 of the United States Code, to include, but not limited to, 18U.S.C. § 1341 (relating to mail fraud) and 18 U.S.C. § 1343 (relating to wire fraud).

50.     Defendants are enterprises as defined in 18 U.S.C. § 1961 in that Defendants are legal corporate entities organized and existing under the laws of these United States.

51.     The Defendants engaged in and adversely affected interstate commerce in that the Defendants operated in several states and have claims processing centers in every state affected by the "Oil Spill."

52.     In furtherance of this scheme to manipulate and deprive Plaintiffs of the full value and measure of their claims, and to delay or deny payment of certain claims, the Defendants used and continue to use both wire transmissions and the United States Mail to assist in and perpetrate this unlawful activity.

53.     The wire was used for Brett Robinson to receive facsimile transmissions and emails of the releases it solicited from the property owners whose property it manages. *See* **Exhibit A**, at p. 2.

54.    The wires were also used in establishing Brett Robinson's claim center, where owners were provided with telephone numbers and email addresses at Brett Robinson.

55.    The United States Mails were used to send the letter and the Release to the Plaintiffs.

56.    The acts of mail fraud and wire fraud, which are incidents to an essential part of this scheme to defraud, affected and will continue to affect a large number of persons and entities and have persisted and will persist over a substantial period of time, thereby constituting a pattern of racketeering.

57.    The use of wire and mail is an essential part of a continuing scheme to exercise unlawful and illegitimate control over the fundamental legal rights of the Plaintiffs and allow the Defendants to devalue and deny legitimate claims.

58.    All of the predicate acts of racketeering activity are directly related to the deprivation of personal property and the legal rights of Plaintiffs by the Defendants.

59.    All of the predicate acts of racketeering activity are part of the nexus of the affairs and functions of the racketeering enterprises.

60.    All of the predicate acts of racketeering activity occurred after the effective date of 18 U.S.C. § 1961 et seq.

61.    The pattern of racketeering activity is currently on-going and open ended, and threatens to continue indefinitely unless this Court enjoins the racketeering activity. The Defendants have absolutely no incentive to cease and desist such pattern of unlawful activity in the absence of judicial intervention.

62.    These schemes have been completed involving repeated unlawful conduct that by its nature projects into the future with a threat of repetition.

63.    The predicate acts have the same or similar purposes, results, participants, victims and methods of commission.

64.    The Defendants have unlawfully received benefits derived from underpayment of claims and have otherwise authorized improper processing fees and savings on payment of the true value of claims, both directly and indirectly, and have used and will continue to use, have invested and will continue to invest, any and all of such income and the interest following the income in the establishment, operations and maintenance of the Defendants, which affects interstate commerce.

65.    As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff and the members of the class were injured in their private property and legal rights.

66.    The Defendants unjustly, undeservedly and illegally gained profits from this deceptive and fraudulent scheme at the expense of innocent claimants.

67.    Absent judicial intervention or relief, the Defendants' conduct will continue unabated and Plaintiff and other members of the class will continue to suffer damage in an amount to be determined at trial in this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that this Court enter judgment in favor of Plaintiffs and the class and against the Defendant as follows:

a.    An Order certifying the class as set forth herein and designating the Plaintiffs and their counsel as the representative thereof;

b.    Compensatory damages, for a sum duly trebled, plus interest;

c.    Punitive damages;

d.    Declaratory and injunctive relief;

e.    Reasonable attorneys' fees;

f.    Together with all costs and expenses, to include, but not limited to, class notification costs, and such other relief as the Court deems appropriate.

## COUNT II – UNJUST ENRICHMENT

68.    Plaintiffs adopt and incorporate by reference all allegations in Paragraphs 1 through 67 above.

69.    Defendant Brett Robinson has unjustly charged Plaintiffs a processing fee for services it is not even allowed to engage in under Alabama law and it will continue to do so.

70.    The BP Defendants have withheld monies due Plaintiffs on the claims submitted on their behalf by making partial and incomplete payment on claims and will continue to do so.

71.    The Worley Defendants and ESIS are presumably taking commissions or fees out of the processed claims, which monies could reduce the amount ultimately paid to Plaintiffs.

72.    All such sums were wrongfully retained or withheld by Defendants and such withholdings or retentions are unjust.

73.    These Defendants have been unjustly enriched at Plaintiffs' expense.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs claim from Defendants such Compensatory damages as will make them whole, together with interest.

## COUNT III – PERMANENT INJUNCTION AND
## DECLARATORY JUDGMENT

74.    Plaintiffs adopt and incorporate by reference all allegations in Paragraphs 1 through 73 herein above.

75.    Defendants above averred conduct is illegal, constitutes the unauthorized practice of law and other criminal acts, and will continue to cause Plaintiffs irreparable injury such that there will be no adequate remedy at law unless the Court declares such conduct to be illegal and enters a permanent injunction enjoining Defendants from engaging in such conduct as alleged herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that the court declare such conduct illegal as constituting the unauthorized practice of law and issue a permanent injunction as follows at the disposition of this cause:

1.    That Defendant, its officers, agents, coconspirators, servants, affiliates, employees, parent and subsidiary corporations, attorneys and representatives, and all those in privity or acting in concert with Defendant, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

A. Engaging in the unauthorized practice of law, soliciting third parties to engage in the unauthorized practice of law or other

criminal acts, or aiding and abetting in the unauthorized practice of law;

B. Conspiring to use illegal and unlawful means to engage in a pattern of racketeering activity aimed at depriving Plaintiffs of legal rights and property interests;

C. Conspiring to use illegal and unlawful means to unjustly enrich themselves at Plaintiff's expense.

2.     That Defendants be required to pay to Plaintiffs contractual, compensatory, punitive, statutory, or other damages for the injuries sustained by Plaintiffs in consequence of the acts here complained of according to such proof as Plaintiffs shall produce at the trial of this action, and that such compensatory damages be trebled because of the willful acts described here in disregard of Plaintiffs' known rights;

3.     That Defendants be required to account to Plaintiffs for any and all gains, profits and advantages derived by them from the activities complained of in this complaint;

4.     That any profits or interest earned on the retention of Plaintiffs' money or the withholding of monies due Plaintiffs for their claims be disgorged and returned to Plaintiffs;

5.     That Defendants be required to pay to Plaintiffs and the putative class members all of its litigation expenses, including reasonable attorney fees and the costs of this action; and

6.     That Plaintiffs have such other and further relief as the court may deem just and proper.

## COUNT IV – QUO WARRANTO

76.     Plaintiffs adopt and incorporate by reference all allegations in Paragraphs 1 through 75 above.

77.     Plaintiff, Ben Chenault, as relator for the State of Alabama, brings this action against all Defendants to stop these Defendants from unlawfully entering in to a profession, namely the practice of law, which requires a license. *See generally,* Ala. Code § 6-6-591(a)(1). Through this action, Plaintiff seeks a Writ of Quo Warranto under state and federal law.

78.     Defendants Brett Robinson and the BP Defendants conspired to and did devise a scheme whereby Brett Robinson would submit to BP, or those in privity with BP, or those hired by BP or hired by an entity in privity with BP, claims forms containing information supplied by Brett Robinson which calls for legal evaluation and legal conclusions.  Further, the BP Defendants have contracted third parties, or those in privity with BP have hired third parties to adjust these claims, which have been unlawfully

submitted by non-lawyers.  Further, aiding and abetting such conduct is also actionable.  *See id.*

79.   Plaintiffs have been damaged by the illegal conduct of the Defendants and are entitled to have the court order that the Defendants immediately cease and desist the unauthorized practice of law and to so damages are appropriate for same.

**WHEREFORE,    PREMISES    CONSIDERED,**    Plaintiffs alternatively seek a Writ of Quo Warranto ordering Defendants to desist from engaging in the unauthorized practice of law or other criminal conduct and awarding all appropriate restitution and damages to Plaintiffs and the putative class members.


Respectfully submitted,


M. Shane Lucado (LUC015)
J. Michael Keel (KEE016)

Lucado Law Firm, LLC
One Perimeter Park South, Suite 125 S
Birmingham, Alabama 35243
Telephone: (205) 278-0025


**Plaintiff respectfully requests trial by jury.**